PROSKAUER ROSE LLP
Howard L. Ganz (HG8644)
Avitai Gold (AG5926)
1585 Broadway
New York, New York 10036
(212) 969-3035
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DOV LEVINE,

                Plaintiff,     :   06 Civ. 0590 (CLB) (LMS)

   against

                                    **DEFENDANT'S**
THE READER'S DIGEST ASSOCIATION,   **RULE 56.1 STATEMENT**
INC.,

                Defendant.    :   **ECF FILING**
------------------------------------X

       Pursuant to Local Rule 56.1 of the Southern District of New York, Defendant The Reader's Digest Association, Inc. ("RDA") hereby submits the following statement of material facts as to which there is no genuine issue to be tried:

       1.     Plaintiff Dov Levine ("plaintiff") is a resident of Zurich, Switzerland. (Complaint ("Compl.") ¶ 10)

       2.     Plaintiff was employed in Switzerland by Das Beste aus Reader's Digest ("Das Beste") for approximately 31 years until he was notified of his discharge by Das Beste on or about October 29, 2003. (Compl. ¶¶ 2, 18; Braun Decl. ¶¶ 2, 4, Ex. A; Ganz Decl. ¶ 3, Ex. A)[1]

---

[1] References herein to the "Braun Decl." and to the "Ganz Decl." are to the Declaration of Peter Braun and the Declaration of Howard L. Ganz that have been submitted in support of RDA's motion for summary judgment.

3. Das Beste is a Swiss corporation incorporated under the laws of Switzerland and is a subsidiary of RDA. (Braun Decl. ¶ 1; Compl. ¶ 12)

4. RDA is a United States corporation incorporated under the laws of the State of Delaware and with headquarters in Pleasantville/Town of New Castle, New York. (Braun Decl. ¶ 2)

5. The decision to terminate plaintiff's employment was made by Das Beste itself. (Braun Decl. ¶ 4)

6. The decision to terminate plaintiff's employment and Das Beste's reasons for that decision were set forth in a letter delivered to plaintiff in Zurich on or about October 29, 2003. (Braun Decl. ¶ 4, Ex. A; Ganz Decl. ¶ 3, Ex. A)

7. Das Beste was not required to – and did not – seek or receive RDA's approval before making the decision to terminate plaintiff and notifying plaintiff thereof. (Braun Decl. ¶ 4)

8. Throughout plaintiff's 30+ years of employment with Das Beste, decisions with respect to his compensation, benefits, promotion, and ultimately his termination were made by Das Beste itself. (Braun Decl. ¶ 3)

9. Das Beste maintains its own employment and labor relations policies and procedures. (Braun Decl. ¶ 3)

10. Das Beste maintains its own personnel records and files with respect to those in its employ (including plaintiff). (Braun Decl. ¶ 3)

11. Plaintiff worked for, and was supervised by, executives of Das Beste. (Braun Decl. ¶ 3)

2

12. The evaluations of plaintiff's performance, just like the evaluations of other Das Beste employees, were prepared by Das Beste. (Braun Decl. ¶ 3)

13. None of Das Beste's officers or directors are officers or directors of RDA. (Braun Decl. ¶ 3)

14. RDA is not directly involved in Das Beste's daily decisions with respect to production, distribution, marketing or advertising. (Braun Decl. ¶ 5)

15. RDA and Das Beste do not regularly share employees or services. (Braun Decl. ¶ 5)

16. RDA and Das Beste do not routinely shift employees between the two companies. (Braun Decl. ¶ 5)

17. RDA and Das Beste do not commingle bank accounts, accounts receivable, inventories or credit lines. (Braun Decl. ¶ 5)

18. Das Beste maintains its own books, issues its own paychecks to employees, and prepares and files its own tax returns. (Braun Decl. ¶ 5)

19. The employment contract between plaintiff and Das Beste provides that the Swiss Law of Obligations shall apply with respect to the duties and rights of the parties and that, in the event of any disputes arising from the employment relationship, "the place of jurisdiction for both contracting parties shall be Zurich." (Braun Decl. ¶ 6, Exs. B and C)

20. Following the termination of plaintiff's employment by Das Beste, plaintiff initiated a litigation in Zurich asserting that Das Beste had breached an alleged agreement to pay him severance in the amount of 90,000 Swiss francs. (Braun Decl. ¶ 6)

21. On June 21, 2005, the Zurich labor court issued a judgment holding that there was no enforceable agreement between Das Beste and plaintiff pursuant to which Das Beste was obligated to pay plaintiff any severance. (Braun Decl. ¶ 6, Ex. D)

22. Plaintiff has appealed from that judgment and, accordingly, this litigation in Switzerland remains pending. (Braun Decl. ¶ 6)

23. Plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") with respect to the allegedly discriminatory nature of the decision to terminate his employment until May 12, 2004, more that 180 days after he had been given notice (on October 29, 2003) of his discharge by Das Beste. (Ganz Decl. ¶¶ 3-4, Ex. A)

Dated: April 3, 2006

Respectfully submitted,

PROSKAUER ROSE LLP

By: /s/ Howard L. Ganz

Howard L. Ganz (HG8644)
Avitai Gold (AG5926)
1585 Broadway
New York, New York 10036
(212) 969-3035
*Attorneys for Defendant*
*The Reader's Digest Association, Inc.*