## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DOV LEVINE, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) **06 Civ. 0590 (CLB) (LMS)** ) ) |
| THE READER'S DIGEST ASSOCIATION, INC., | ) ) |
| *Defendant.* | ) ) ) |

### PLAINTIFF'S RULE 56.1 STATEMENT
### IN OPPOSITION TO DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Southern District of New York, plaintiff Dov Levine, through undersigned counsel, herewith submits his statement in opposition to defendant Reader's Digest Association's Rule 56.1 Statement.

1.    Admitted.

2.    Admitted except for date of discharge which was November 26, 2003. (Declaration of Dov Levine (hereinafter "Lev. Dec.") ¶ 21)

3.    Admitted.

4.    Admitted.

5.    Denied. (Lev. Dec. ¶¶ 11, 18-25)

6.    Denied except that a letter was given to the plaintiff on October 29, 2003, stating false pretexts for seeking to tereminate plaintiff's employment. (Lev. Dec. *passim*)

7.    Denied. (Lev. Dec. ¶¶ 11, 18-25)

8.      Denied. (Lev. Dec. ¶¶ 10, 13, 14)

9.      Denied. (Lev. Dec. ¶¶ 4-13, 15)

10.     Admitted.

11.     Denied except to the extent that plaintiff worked for and was supervised by executives of Das Beste as well as by executives of Reader's Digest Association, Inc.

12.     Denied. (Lev. Dec. ¶ 10).

13.     Plaintiff lacks knowledge regarding this allegation and has not been able to examine the declarant under oath.

14.     Denied. (Lev. Dec. ¶¶ 2-9, 12)

15.     Plaintiff lacks knowledge regarding this allegation and has not been able to examine the declarant under oath.

16.     Plaintiff lacks knowledge regarding this allegation and has not been able to examine the declarant under oath.

17.     Plaintiff lacks knowledge regarding this allegation and has not been able to examine the declarant under oath.

18.     Plaintiff lacks knowledge regarding this allegation and has not been able to examine the declarant under oath.

19.     Denied except to the extent that one writing so provides. The employment contract between plaintiff and the wholly owned subsidiary of Reader's Digest Association, Inc., included all relevant and applicable provisions of United States law.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.      Denied except that plaintiff did file his EEOC complaint on May 12, 2004, which was within 180 days of his unlawful dismissal by Reader's Digest Association, Inc. (Lev. Dec. ¶ 26).

## COUNTER-STATEMENT OF MATERIAL
## FACTS PURSUANT TO LOCAL RULE 56.1

1.      The plaintiff was initially hired in 1972 with instructions from RDA Headquarters to modernize the database system at RDA's Zurich subsidiary (Levine Dec. ¶ 2).

2.      The plaintiff's duties while he was employed by Das Beste in Zurich were controlled by RDA's Global Database Director (Levine Dec. ¶ 4).

3.      The plaintiff responded frequently during his employment in Zurich to complex questions raised by RDA Headquarters and had voluminous communications with RDA Headquarters (Levine Dec. ¶¶ 6, 7).

4.      The plaintiff was a member of an international committee that was directed by RDA Headquarters to develop new statistical techniques and help Reader's Digest subsidiaries to apply them (Levine Dec. ¶ 9).

5.      The plaintiff received at least two significant salary increases directly tied to his work for RDA Headquarters (Levine Dec. ¶ 10).

6.      RDA Headquarters were involved with the dismissal by Das Beste of Hans Bossard and Nick Vest and with the hiring of Ursula Reist (Levine Dec. ¶ 11).

7.      The number of personnel employed by Das Beste was significantly reduced in 1999 following an analysis performed by RDA Headquarters and instructions from RDA Headquarters (Levine Dec. ¶ 13).

8.     All employees of Das Beste are required annually to sign and forward to RDA

Headquarters the Reader's Digest "Code of Conduct" (Levine Dec. ¶ 15).


Dated:  May 11, 2006                    Respectfully submitted,


                                         /s/  Nathan Lewin_____
                                        NATHAN LEWIN (NL 3424)
                                        ALYZA D. LEWIN (ADL 2284)
                                        **LEWIN & LEWIN, LLP**
                                        1828 L Street, N.W., Suite 901
                                        Washington, D.C.  20036
                                        (202) 828-1000

                                         - and -

                                        Thomas A. Kissane (TK 8221)
                                        **SCHLAM STONE & DOLAN, LLP**
                                        26 Broadway
                                        New York, New York 10004
                                        (212) 344-5400

                                        *Counsel for Plaintiff*