PROSKAUER ROSE LLP
Howard L. Ganz
Steven D. Hurd
1585 Broadway
New York, New York 10036
(212) 969-3035
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| DOV LEVINE, | : | |
| Plaintiff, | : | 06 Civ. 0590 (CLB) (LMS) |
| against | : | **DEFENDANT'S** |
| THE READER'S DIGEST ASSOCIATION, INC., | : | **RULE 56.1 STATEMENT** |
| Defendant. | : | **ECF FILING** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Pursuant to Local Rule 56.1 of the Southern District of New York, Defendant The Reader's Digest Association, Inc. ("RDA") hereby submits the following statement of material facts as to which there is no genuine issue to be tried:

1. At all times relevant hereto, Plaintiff Dov Levine ("Plaintiff") was a resident of Zurich, Switzerland. (Complaint ("Compl.") ¶ 10.)

2. Plaintiff was employed in Switzerland by Das Beste aus Reader's Digest ("Das Beste") for approximately 31 years until he was notified of his discharge by Das Beste on or about October 29, 2003. (Compl. ¶¶ 2, 18; Braun Decl. ¶¶ 2, 4, Ex. A.)[1]

---

[1] References herein to the "Braun Decl." are to the Declaration of Peter Braun that has been submitted in support of RDA's motion for summary judgment.

3.      Das Beste is a Swiss corporation incorporated under the laws of Switzerland and is a subsidiary of RDA. (Braun Decl. ¶ 1; Compl. ¶ 12.)

4.      RDA is a United States corporation incorporated under the laws of the State of Delaware and with headquarters in Pleasantville/Town of New Castle, New York. (Braun Decl. ¶ 2.)

5.      On or about September 6, 1972, Plaintiff wrote a letter to Mr. H. Rüegg at Das Beste in Zurich inquiring about an open position advertised in the Neue Zürcher Zeitung. (Hurd Decl., Ex. D.)[2]

6.      On or about October 2, 1972, Plaintiff entered into an employment contract with Das Beste, which was signed by representatives of Das Beste. (Hurd Decl., Ex. E; Braun Decl., Ex. B.)

7.      On or about June 16, 1997, Plaintiff and Das Beste entered into an agreement to alter Plaintiff's employment contract, and that agreement was signed by representatives of Das Beste. (Hurd Decl., Ex. F; Braun Decl., Ex. C.)

8.      Both Plaintiff's initial employment contract and the modification of that contract were written on Das Beste letterhead. (Hurd Decl., Exs. E & F.)

9.      Plaintiff's employment with Das Beste was terminated effective January 31, 2004. (Braun Decl., Ex. A.)

10.     The decision to terminate Plaintiff's employment and Das Beste's reasons for that decision were set forth in a letter delivered to Plaintiff, by Das Beste's Director of

---

[2] References herein to the "Hurd Decl." are to the Declaration of Steven D. Hurd, Esq. that has been submitted in support of RDA's motion for summary judgment.

2

Human Resources, in Zurich on or about October 29, 2003. (Braun Decl. ¶ 4, Ex. A; Hurd Decl. ¶ 3, Ex. A.)

11. The termination letter was signed by Das Beste's Managing Director, Werner Neunzig ("Neunzig"), and Business Manager, Tamara Mattiussi ("Mattiussi"). (Braun Decl. ¶ 4 & Ex. A.)

12. The decision to terminate Plaintiff's employment was made by Das Beste itself. (Braun Decl. ¶ 4.)

13. Das Beste was not required to – and did not – seek or receive RDA's approval before making the decision to terminate Plaintiff and notifying Plaintiff thereof. (Braun Decl. ¶ 4.)

14. Plaintiff has conceded that those "who made the decision" to terminate his employment were "at all relevant times" based in Europe. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Transfer Venue ("Pl. Transfer Br.") at 7.)

15. Plaintiff has acknowledged that the "purportedly 'independent' judgments being made by Reader's Digest officers in New York at the time plaintiff was discharged" were, in fact, "being cleared and approved by the defendant's European personnel before they were sent to the plaintiff." (Pl. Transfer Br. at 9.)

16. Throughout Plaintiff's 30+ years of employment with Das Beste, decisions with respect to his compensation, benefits, promotion, and ultimately his termination were made by Das Beste itself. (Braun Decl. ¶ 3.)

17. On November 11, 2003, Plaintiff wrote an e-mail to his supervisor at Das Beste, Mattiussi, in which he expressed disappointment in the severance offered him,

3

requested a "proper settlement," and asked that his e-mail be "vigorously presented" to RDA in Pleasantville. (Hurd Decl., Ex. G.)

18. Mattiussi forwarded Plaintiff's e-mail to Peter Braun ("Braun"), the Director of Human Resources for Das Beste, and Neunzig, the Managing Director of Das Beste, both employees of Das Beste, on November 12, 2003. (Hurd Decl., Ex. G.)

19. Braun responded by e-mail to Plaintiff and explained that he would discuss the e-mail with Neunzig when Neunzig returned from a trip to the United States. (Hurd Decl., Ex. H.)

20. By letter dated November 20, 2003, Giovanni di Vaio ("di Vaio") promised to look into Plaintiff's complaints of discrimination should Plaintiff provide any evidence of such discrimination. (Hurd Decl., Ex. I.)

21. On November 20, 2003, Plaintiff wrote to di Vaio regarding their telephone conversation and Plaintiff's claims of alleged discrimination. (Hurd Decl., Ex. J.)

22. Also on November 20, 2003, Plaintiff's cousin and attorney, Nathan Lewin ("Lewin"), wrote to di Vaio to request "an accommodation with Dr. Levine which meets the minimal expectations [Plaintiff] outlined in his letter to his supervisor of 11 November 2003." (Hurd Decl., Ex. K.)

23. On November 24, 2003, Lewin again wrote to di Vaio regarding Plaintiff's claims of discrimination. (Hurd Decl., Ex. L.)

24. On November 26, 2003, Michael Brizel, Senior Vice President and General Counsel of RDA, sent a letter to Lewin in which he responded to Plaintiff's

4

claims of discrimination and assured Lewin that Plaintiff was terminated solely for reasons relating to his performance. (Hurd Decl., Ex. M.)

25. Das Beste maintains its own employment and labor relations policies and procedures. (Braun Decl. ¶ 3.)

26. Das Beste maintains its own personnel records and files with respect to those in its employ (including Plaintiff). (Braun Decl. ¶ 3.)

27. Plaintiff worked for, and was supervised by, executives of Das Beste. (Braun Decl. ¶ 3.)

28. Plaintiff was at least three positions removed from direct supervision by any RDA employee in the United States. (*See* Hurd Decl., Ex. N.)

29. The evaluations of Plaintiff's performance, just like the evaluations of other Das Beste employees, were prepared by Das Beste. (Braun Decl. ¶ 3.)

30. None of Das Beste's officers or directors are officers or directors of RDA. (Braun Decl. ¶ 3.)

31. RDA is not directly involved in Das Beste's daily decisions with respect to production, distribution, marketing or advertising. (Braun Decl. ¶ 5.)

32. RDA and Das Beste do not regularly share employees or services. (Braun Decl. ¶ 5.)

33. RDA and Das Beste do not routinely shift employees between the two companies. (Braun Decl. ¶ 5.)

34. RDA and Das Beste do not commingle bank accounts, accounts receivable, inventories or credit lines. (Braun Decl. ¶ 5.)

35. Das Beste maintains its own books, issues its own paychecks to employees, and prepares and files its own tax returns. (Braun Decl. ¶ 5.)

Dated: July 19, 2007

                              Respectfully submitted,

                              PROSKAUER ROSE LLP

By:    /s/ Steven D. Hurd

        Howard L. Ganz
        Steven D. Hurd
        1585 Broadway
        New York, New York 10036
        (212) 969-3035
        *Attorneys for Defendant*
        *The Reader's Digest Association, Inc.*